## Case No. 613.

### ATKINSON v. KELLOGG.

[10 N. B. R. (1874,) 535; 7 Chi. Leg. News, 9.]

District Court, D. Minnesota.

BANKRUPTCY—DIVIDENDS—SET-OFF—PARTNER-SHIP.

[An assignee in bankruptcy may withhold payment of a dividend, out of the assets of a bankrupt firm, to a creditor who is debtor to one of the members of the firm, which debt is included in the schedule of such member, until the recovery by the assignee of such debt, or the determination of a suit for the same.]

[In bankruptcy. Motion to compel the assignee in bankruptcy of the partnership of Atkinson & Kellogg to pay Patrick Rahilly, a creditor of the firm, a dividend which the assignee had refused to pay, because Rahilly was a debtor, by the schedules, to the estate of one of the partners, for which debt Rahilly had been sued by the assignee before the dividend was declared.]

Bigelow, Flandrau & Clarke, for the motion.

E. C. Palmer, opposed.

NELSON, District Judge. The only question presented for decision in the view taken by the court, is whether the assignee can withhold the payment of the dividend to Rahilly declared upon the net proceeds of the joint stock of Atkinson & Kellogg until the recovery by him or the final determination, by the suit now pending, of a disputed indebtedness of Rahilly to the estate of George Atkinson, one of the members of the firm. The bankrupt Atkinson, in his schedules, has placed the indebtedness of Rahilly to him personally, at one thousand nine hundred and twenty-five dollars and fifty cents, and the assignee has commenced a suit to recover this amount, or whatever may be the sum due. Rahilly has filed a proof of debt against the estate of Atkinson for the sum of one thousand four hundred and thirty-one dollars and forty-five cents, less certain advances, which, according to the computation made in the proof filed, leaves no debt against the estate, but, on the contrary, an indebtedness by Rahilly in the sum of four hundred and ninety-three dollars and fifty-five cents. The proof, it is claimed, is defective, and Rahilly insists that it does not correctly state the actual condition of the account between himself and Atkinson.

In my opinion, it is immaterial whether the proof is correct or not, so far as this motion is concerned. The assignee is certainly justified in taking the statement of Atkinson's schedules as true, and in seeking to collect this claim by suit, if necessary, as well as all others in favor of the bankrupts, either as partners or individuals.

The bankrupt law (section 36) provides that in case members of partnerships are declared bankrupts, the estates of the individual members, as well as the partnership estate, must be settled in the bankrupt court. The creditors of the partnership elect the assignee, but he becomes the assignee of the estate of the individuals as well as the firm. It is true he must keep a separate account of the joint stock of the copartnership and of the individual estate of each member, but the expense and disbursements are taken out of the property received by the assignee, without reference to the fact whether it was collected from the partnership or the separate estate. It is only when the claims of creditors are to be determined that the assignee must consider the estate separately. He, of course, must pay the firm creditors before the creditors of the individuals, and in order to do equal and exact justice, the

proceedings resulting in the final settlement of the partnership estate and the individual members' estate are conducted as if they had been commenced against one person. The assignee can adjust all the credits and debits of individuals to the firm, and the members thereof, provided he permits the partnership creditors to obtain their pay out of the partnership estate, and the separate creditors of each partner out of his separate estate, in the first instance. But adjustment of claims against the partnership and debts in favor of either partner with the same person is a part of the assignee's duty, and prevents unnecessary and vexatious litigation. There can be no objection to the settlement by the assignee of an indebtedness of the partnership, by canceling a debt due from the same person to the separate estate of one of the members, placing the proceeds to the proper account. If the claim is disputed, and is one that has been returned in the schedules, I can see no reason why the assignee should not retain in his possession, until the final decision, as much of the proceeds which would otherwise belong to the creditor of the partnership as is necessary to satisfy the debt due from the partnership creditor to the separate estate of one of the members. In this way multiplicity of suits is avoided, and no possible injury can result to any one. The assignee must pay over the balance in his lands, after deducting the sum which appears to be due to Atkinson's individual estate from the proofs on file.